**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gulbrandson, | No. CV-17-01891-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | DEATH PENALTY CASE |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner David Gulbrandson, an Arizona death row inmate, filed a petition for writ of habeas corpus on June 16, 2017. (Doc. 1.) The Court ordered Respondents to file a brief addressing Gulbrandson's argument that the petition, while second-in-time, is not a "second or successive" petition requiring authorization from the Ninth Circuit under 28 U.S.C. § 2244(b). Respondents filed their brief and Gulbrandson filed a reply. (Docs. 6, 9.)

Gulbrandson raises one claim in the petition: that his Eighth Amendment rights were denied when the state court misapplied the Arizona Supreme Court's narrowing construction of the term "gratuitous violence," a component of the "heinous, cruel, or depraved" aggravating factor. (Doc. 1 at 13.) According to Gulbrandson, the Arizona Supreme Court provided new guidance on the application of the aggravating factor in *State v. Bocharski*, 218 Ariz. 476, 494, 189 P.3d 403, 421 (2008), decided after Gulbrandson's sentence was final.

# BACKGROUND

Gulbrandson was convicted and sentenced to death for the 1991 first-degree murder of Irene Katuran, his former girlfriend and business partner. The trial court found one aggravating factor: that the murder was committed "in an especially heinous, cruel or depraved manner" pursuant to A.R.S. § 13–751(F)(6). Specifically, the court found that Irene was helpless, that Gulbrandson relished the murder, and that he inflicted gratuitous violence.[1] *Id.*

The Arizona Supreme Court rejected the trial court's finding that Gulbrandson relished the killing but affirmed the (F)(6) aggravating factor based on gratuitous violence and helplessness. *State v. Gulbrandson*, 184 Ariz. 46, 906 P.2d 579 (1995). In affirming the finding of gratuitous violence, the court explained:

> In the special verdict, the trial court characterized the murder "as a brutally savage attack of shocking proportions." Defendant apparently used numerous instruments to inflict injury to Irene: namely, several knives, scissors, and a wooden salad fork. Irene suffered 34 stab wounds and slicing wounds, puncture wounds, and many blunt force injuries. Her nose was broken, and there was evidence that defendant had kicked or stomped on her. There was compelling evidence that defendant had strangled Irene, and the autopsy revealed that she died from asphyxiation and multiple stab wounds. We conclude that these facts prove beyond a reasonable doubt that defendant inflicted gratuitous violence on the victim, and this shows an especially heinous or depraved state of mind.

*Id.* at 68, 906 P.2d at 601 (citations omitted).

After unsuccessfully pursuing state post-conviction relief (PCR), Gulbrandson filed a petition for writ of habeas corpus in this Court. (Case No. 98-cv-2024-PHX-SMM.) The court denied relief. (*Id.*, Docs. 87, 88.)

On appeal in the Ninth Circuit, Gulbrandson sought authorization to file a successive habeas petition, arguing that new neuropsychological evidence showed that he

---

[1] The Arizona Supreme Court has identified five factors to consider in determining whether a killing was especially heinous or depraved: (1) relishing the murder, (2) infliction of gratuitous violence, (3) needless mutilation of the victim, (4) senselessness of the crime, and (5) helplessness of the victim. *State v. Gretzler*, 135 Ariz. 42, 51–52, 659 P.2d 1, 10–11 (1983).

could not have known the point at which Irene was dead, as required for a finding of gratuitous violence. The Ninth Circuit denied Gulbrandson's request for leave to file a successive habeas petition. *Gulbrandson v. Ryan*, 738 F.3d 976, 996–97 (9th Cir. 2013). The court concluded that:

> A reasonable factfinder could determine that [Gulbrandson's] use of "several knives, scissors, and a wooden salad fork" on Irene and the "particularly gruesome, brutal, and protracted" fashion of the murder, *Gulbrandson*, 906 P.2d at 601, 604, were sufficient to show that Gulbrandson "should have known he had inflicted a fatal wound but continued nonetheless to inflict more violence," *Bocharski*, 189 P.3d at 422.

*Id.* The court also affirmed the district court's denial of habeas relief. *Id.*

Gulbrandson then brought a successive PCR petition in state court, claiming that under the "new" guidance of *Bocharski*, there was insufficient evidence to support the existence of the (F)(6) aggravating factor. (Doc. 1-1, App'x D.) The PCR court determined that Gulbrandson's claim was not colorable, explaining that Gulbrandson "knew or should have known that he had inflicted violence in excess of that needed to kill," and dismissed the petition. (*Id.*, App'x A at 4.) The Arizona Supreme Court denied review. (Doc. 6-1, Ex. B) The United States Supreme Court denied Gulbrandson's petition for certiorari. (*Id.*, Ex. C). Gulbrandson then filed the instant habeas petition.

Gulbrandson challenges the PCR court's denial of his successive petition, specifically its application of the (F)(6) aggravating factor. He contends that the PCR court failed to narrow the factor as required by *Bocharski*. With respect to gratuitous violence, *Bocharski* requires a showing that the defendant inflicted more violence than was necessary to kill and that he "continued to inflict violence after he knew or should have known that a fatal action had occurred." 218 Ariz. at 494, 189 P.3d at 421. Gulbrandson cites the medical examiner's testimony at trial that "most, if not all" of the victim's wounds were inflicted prior to death. (*See* Doc. 1 at 33.) According to Gulbrandson, this means that the state failed to prove that he inflicted wounds after he knew or should have known Irene was dead, and therefore the PCR court's denial of the

claim was an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") (*Id.* at 35–37.)

## **DISCUSSION**

Respondents contend, among other arguments, that the petition is second or successive and the Court lacks jurisdiction to consider it. (Doc. 6 at 5–8.) They also assert that the claim involves an issue of state law and is not cognizable on habeas review. (*Id.* at 9–10.) The Court agrees with both arguments.

**1. The petition is second or successive**

Section 2244(b) of the AEDPA provides in relevant part:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Panetti v. Quarterman*, 551 U.S. 930, 944, 947 (2007) (holding that competency-to-be-executed claims are exempt from AEDPA's limitation on second or successive petitions because such claims generally are not ripe until after the time has run to file a first habeas petition). The Ninth Circuit has acknowledged that the reasoning of *Panetti* is not limited

to competency-for-execution claims. In *United States v. Buenrostro*, the court observed that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded" if the claims raised therein "were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding."); *see also United States v. Lopez*, 577 F.3d 1053, 1063–64 (9th Cir. 2009).

Gulbrandson contends that his new habeas petition, while second in time, is not successive because his current challenge to the (F)(6) factor, based on *Bocharski*, was not ripe until the state court denied his successive PCR petition in 2014. (Doc. 9 at 4–5.) The Court disagrees.

In *Magwood v. Patterson*, 561 U.S. 320, 330 (2010), the Court addressed the question of "when a claim should be deemed to arise in a second or successive habeas corpus application" under § 2244(b). Noting that "second or successive" is a term of art in the habeas context, the Court examined the phrase's statutory context and concluded that "second or successive" refers to the state court judgment being challenged. *Id.* at 332–33. The petitioner in *Magwood* had successfully obtained resentencing in a first habeas proceeding. *Id.* at 326. After he was re-sentenced and had exhausted his state court remedies, he filed a new federal habeas petition under § 2254 challenging his new sentence. *Id.* at 327–28. The Court held that Magwood's second-in-time petition challenged a new or intervening judgment for the first time and was therefore not a second or successive petition. *Id.* at 341–42.

Here, by contrast, Gulbrandson is challenging, for the second time, the same judgment he unsuccessfully challenged in his first petition. *See id.* at 338–39. There has been no intervening judgment, only a denial of collateral relief of a claim based on a purported clarification of state law. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam).

Courts have consistently held that an intervening change in state law does not exempt a second-in-time petition from the statutory bar on successive petitions. For example, in *In re Page*, the Seventh Circuit directed the district court to dismiss a second-in-time petition as successive even though it was premised on state law that had changed in the interval between the federal petitions. 170 F.3d 659, 660–62 (7th Cir. 1999), *opinion supplemented on denial of rehearing,* 179 F.3d 1024 (7th Cir. 1999). The court held that a second petition attacking the prisoner's original judgment, the same judgment attacked by his first habeas petition, was successive within the meaning of AEDPA even though it was based on a case decided after the first habeas petition was denied. *Id.* at 661–62. Similarly, the Third Circuit in *Johnson v. Wynder* concluded that a claim based on an intervening change in state law was "second or successive," explaining that the fact "that a legal argument is unlikely to succeed, or is even futile, does not make it unripe." 408 F. App'x 616, 619 (3d Cir. 2010).

The language of § 2244(b) compels this result. *See Lucero v. Cullen*, No. 2:12-CV-0957-MCE-EFB, 2014 WL 4546055, at *9 (E.D. Cal. Sept. 12, 2014) ("The language of § 2244 strongly indicates that second-in-time federal habeas petitions raising claims based on changed state law are 'second or successive.'") In *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009), the Fifth Circuit rejected the argument that the "sole requirement for a permissible non-successive petition is that the claim on which it was based had been unavailable at the time of a first petition." The court noted that under this reading of the statute a petition would be "non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available." *Id.* at 221. However, "§ 2244(b) prohibits such a result. Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A)." *Id.* (emphasis in original); *see also In re Page*, 179 F.3d at 1025 (rejecting the argument "that if there is a *reason* for filing a second petition—a reason why the claim could not have been included in the first petition—then the second petition is really a first petition") (emphasis in original).

Gulbrandson states that his claim was "unripe" when he filed his first habeas petition because the Arizona Supreme Court had not yet clarified the gratuitous violence element of the (F)(6) aggravating factor. (Doc. 9 at 4.) However, neither that fact, nor Gulbrandson's assertion that the PCR court's rejection of the claim constitutes a new factual predicate, removes the claim from the category of a second or successive petition. *See In re Page*, 179 F.3d at 1025; *see also Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006). Under Gulbrandson's view of § 2244(b), the district court could hear a second-in-time habeas claim arising from a change in state law, but a second-in-time claim based on a change in constitutional law would be considered successive and require authorization from the Court of Appeals. This anomalous outcome "can't be right." *In re Page*, 179 F.3d at 1026.

## 2. The claim is not cognizable on habeas review

Gulbrandson alleges that the state post-conviction court violated his Eighth Amendment rights by "misapplying" *Bocharski*'s construction of "gratuitous violence." (Doc. 1 at 13.) As Respondents note, however, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law grounds." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

In *Walton v. Arizona*, 497 U.S. 639, 655 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 589 (2002), the Supreme Court held that the Arizona Supreme Court had construed the facially vague (F)(6) aggravating factor in a constitutionally narrow manner by setting out guiding criteria, including the use of "gratuitous violence" as evidence that a killing was heinous or depraved. *See Lewis v. Jeffers,* 497 U.S. 764, 777 (1990); *see also State v. Gretzler*, 135 Ariz. 42, 51–52, 659 P.2d 1, 10–11 (1983). The PCR court's determination that under *Bocharski* the "heinous or depraved" factor was proved does not implicate federal constitutional concerns.

As an initial matter, it is debatable that *Bocharski* narrowed the definition of "gratuitous violence." Previous cases have required a showing that the defendant knew or should have known the victim was dead before inflicting additional violence. *Bocharski*, 218 Ariz. at 494, 189 P.3d at 421 (citing, *e.g.*, *State v. Medina,* 193 Ariz. 504, 514, 975

P.2d 94, 104 (1999)). In addition, in *Bocharski* the Arizona Supreme Court itself listed *Gulbrandson* as a case where both elements of gratuitous violence were present; intent was shown by Gulbrandson's use of several different weapons to attack the victim. *Bocharski*, 218 Ariz. at 495, 189 P.3d at 422.

Because a state court's errors in applying state law do not give rise to federal habeas corpus relief, federal habeas review of a state court's finding of an aggravating factor is limited to determining "whether the state court's [application of state law] was so arbitrary and capricious as to constitute an independent due process or Eighth Amendment violation." *Jeffers*, 497 U.S. at 780. In making that determination, the reviewing court must inquire "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found" that the factor had been satisfied. *Id.* at 781 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Gulbrandson does not allege that the PCR court's denial of his claim was so arbitrary and capricious that it constituted an independent Eighth Amendment violation. Instead, he asserts that the court's "failure to narrow the constitutionally vague (F)(6) statutory aggravating factor consistent with the requirement of *Bocharski* . . . constitutes an unreasonable application of clearly established Federal law" under 28 U.S.C. § 2254(d)(1). (Doc. 1 at 36.) Gulbrandson's invocation of the AEDPA does transform this state-law issue into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

## **CERTICIATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district judge must either issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If a certificate is issued, the court must state the specific issue or issues that satisfy 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

- 8 -

different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists could not debate its conclusion that the pending habeas corpus petition is second or successive under 28 U.S.C. § 2244(b). Therefore, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

Gulbrandson's second-in-time petition does not challenge a new judgment. He cites no authority for his position that a state court's rejection of a claim arising from a change or clarification of state law is exempt from the § 2244(b) bar on successive petitions. His interpretation of § 2244(b) is contrary to the case law and the statute's language. Therefore, the petition is second or successive. This Court does not have jurisdiction to hear it without authorization from the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A).

In addition, the petition consists of a claim alleging only errors of state law. The claim is not cognizable on federal habeas review.

Accordingly,

**IT IS HEREBY ORDERED** dismissing Gulbrandson's petition for writ of habeas corpus (Doc. 1). The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a certificate of appealability.

Dated this 13th day of April, 2018.

Douglas L. Rayes
United States District Judge